IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to:<br><br>*Patrick Burke, #25-514,* | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

## MEMORANDUM OPINION

### I.  Introduction

Pending before the court is a motion for relief from January 22, 2026 order filed in Civ. No. 25-514 ("Burke's docket," ECF No. 17), with exhibits and brief in support, filed by counsel on the court's electronic filing ("ECF") system on behalf of plaintiff Patrick Burke ("Burke"). Defendants Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA, Inc., and Philips RS North America Holding Corporation (collectively, "Philips") filed a response in opposition to the motion (Burke's docket, ECF No. 20) and it is ripe for disposition.

### II.  Procedural History

The United States District Court for the Western District of Pennsylvania is managing coordinated or consolidated pretrial proceedings for the Philips MDL pursuant to 28 U.S.C. § 1407.  The MDL arose from Philips' 2021 recall of certain CPAP devices.  The court approved class action settlements of economic loss and medical monitoring claims.  On May 9, 2024,

Philips and many of the plaintiffs entered into private settlement agreements to resolve personal injury claims (Misc. No. 21-1230, ECF No. 2768). The deadlines for participating in the personal injury settlements expired.

On May 9, 2024, the Court entered a Docket Management Order ("DMO") (Misc. No. 21-1230, ECF 2769), which set deadlines for all personal injury cases filed by "Litigating Plaintiffs" (i.e., individuals who did not participate in the settlement of personal injury claims). As set forth in DMO ¶¶ 20 and 21, if a Litigating Plaintiff fails to fully comply with the DMO, that case is subject to dismissal with prejudice.

Attorney Michael Katz filed this case, Civ. No. 25-514, on behalf of Burke by filing a "short form" complaint in the United States District Court for the Eastern District of Pennsylvania on March 28, 2025 (Burke's docket, ECF No. 1). The case was transferred to this court on April 14, 2025 (Burke's docket, ECF No. 5). The email address on the complaint is [mkatz@lopezmchugh.com](mailto:mkatz@lopezmchugh.com) (Burke's docket, ECF No. 1 at 13). The same email address is listed on the ECF system and in all the Notices of Electronic Filing ("NEFs") generated by the ECF system in this case.

On July 3, 2025, the court entered on the MDL docket and separately on the docket for Burke's case a supplemental order setting forth deadlines for certain plaintiffs, including Burke, to comply with the requirements of the DMO (Burke's docket, ECF No. 9). Burke did not respond to the supplemental order.

On October 20, 2025, Philips filed a motion for the court to enter a "show cause" order for each nonresponsive Litigating Plaintiff to explain why their case should not be dismissed with prejudice for failure to comply with the DMO deadlines. The court granted Philips' motion and on October 23, 2025, entered the show cause order at the individual docket of each affected

2

case, including the docket for Burke's case (Burke's docket, ECF No. 12). Burke did not respond to the show cause order.

On November 24, 2025, Philips filed on the docket for Burke's case a motion to dismiss this case with prejudice (Burke's docket, ECF No. 13). On November 25, 2025, the court entered an order at each affected case, including the docket for Burke's case, instructing plaintiffs, including Burke, to respond to Philips' motion to dismiss by December 15, 2025 (Burke's docket, ECF No. 14). Counsel for two of the cases responded. Burke did not respond to the motion to dismiss.

On January 22, 2026, the court issued an opinion and order that this case, Civ. No. 25-514, be dismissed with prejudice for failure to comply with the DMO deadlines and failure to show good cause for the failure to cure the deficiencies (Burke's docket, ECF Nos. 15, 16). The case was marked closed.

On February 10, 2026, counsel for Burke filed the pending motion to reopen (Burke's docket, ECF No. 17). Counsel declared in the motion, in relevant part:

> 4.    On April 14, 2025, via the PACER - CM/ECF system, Plaintiff's Counsel received notice of the transferred case being accepted by the District Court of the Western District of Pennsylvania. See Exhibit C.
>
> 5. Undersigned counsel is listed as counsel for Plaintiff on the docket, and the email address on the docket is correct.
> . . .
> 9. At no time between April 14, 2025 and January 22, 2026 did undersigned counsel receive any filings or notices from the District Court of the Western District of Pennsylvania in this action, either via the PACER - CM/ECF system or otherwise.
> . . .
> 13. The first documents that were ever served upon undersigned counsel since April 14, 2025 were the Court's January 22, 2026 Order and Memorandum Decision dismissing Plaintiff Burke's case, among others. These documents were received via the PACER - CM/ECF system. See Exhibit E.
> . . .
> 16. At no time between May 23, 2025 and January 22, 2026 did undersigned counsel change his email address or take any measures that would have prevented

3

> the receipt of emails from the Western District of Pennsylvania notifying counsel of filings made via the PACER - CM/ECF system.
> . . .
> 18. The service of the April 14, 2025 and January 22, 2026 documents demonstrates that undersigned counsel has had and has maintained the ability to receive any and all documents from the Western District of Pennsylvania via the PACER - CM/ECF system.

(Burke's docket, ECF No. 17).

### III.     Discussion

Burke asks the court to reopen this case under Federal Rule of Civil Procedure 60(b)(1) and (6).  He argues that his lack of notice constitutes "mistake, inadvertence, surprise or excusable neglect" per Rule 60(b)(1) and falls into the catchall "any other reason that justifies relief" per Rule 60(b)(6).  Burke does not seek an extension of the time to file an appeal.

To evaluate the appropriateness of relief under Rule 60(b)(1), "the Court employs an 'equitable' test that 'weigh[s] the totality of the circumstances.'" *Bryant v. Supt., SCI Fayette*, No. 2:21-CV-03075, 2024 WL 4530290, at *1 (E.D. Pa. Oct. 18, 2024) (quoting *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019).  In applying the equitable test, courts evaluate the "*Pioneer* factors" articulated by the Supreme Court.  "Factors to consider are: '1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceeding; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith.'" *Id.* (quoting *Nara v. Frank*, 487 F.3d 187, 194 (3d Cir. 2007)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).  Relief under the catchall in Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025).

4

In *Pezzano v. Liberty Mutual Mid Atlantic Insurance Co.*, No. CV 22-2151, 2025 WL 2778460 (D.N.J. Sept. 30, 2025), the court explained that a client is held responsible for the attorney's failure to comply with court deadlines:

> Importantly, "[b]oth the Supreme Court and [the Third Circuit] have long 'held that clients must be held accountable for the acts and omissions of their attorneys.' " *Brodie v. Gloucester Twp.*, 531 F. App'x 234, 237 (3d Cir. 2013) (quoting *Pioneer*, 507 U.S. at 396). The relevant inquiry "is not whether the client 'did all [she] reasonably could in policing the conduct of [her] attorney,' but rather if the 'attorney, as [her] agent, did all he reasonably could to comply" with court deadlines and rules. *Id*. (quoting *Pioneer*, 507 U.S. at 396). Accordingly, Plaintiff herself must bear the burden of her counsel's mistakes. *Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206, 219 (3d Cir. 2025).

*Id.* at *2.

Katz represented to the court, among other things, that he: (1) received the notice transferring the case to this court via the ECF system on April 14, 2025; (2) the email address on the docket is correct; (3) he received notice of the dismissal of this case on January 22, 2206; and (4) he maintained the ability to receive documents via the ECF system for that entire time period. (Burke's docket, ECF No. 17).  Counsel represents that he did not receive any filings between April 2025 and January 2026 (i.e., approximately 8 months).  *Id.*  Katz offers no explanation for how this could have happened.

In essence, Burke argues that the case should be reopened because his counsel never received notice of the relevant motions and court orders.  That argument misapprehends the applicable burdens.  Documents that are electronically filed on the ECF system are deemed to be properly filed and served.  It is not the court's (or opposing counsel's) duty to ensure that an ECF User actually receives notice of an electronic filing.  To the contrary, it is the ECF User's duty to ensure that his system is functioning properly and to reasonably monitor the docket.

The Federal Rules of Civil Procedure endorse electronic filing and service of documents.

The commentary to the 2018 amendments to Rule 5 provides:

> The amended rule recognizes electronic service through the court's transmission facilities as to any registered user. A court may choose to allow registration only with the court's permission. **But a party who registers will be subject to service through the court's facilities unless the court provides otherwise**. With the consent of the person served, electronic service also may be made by means that do not utilize the court's facilities. Consent can be limited to service at a prescribed address or in a specified form, and may be limited by other conditions.
>
> **Service is complete when a person files the paper with the court's electronic-filing system for transmission to a registered user**, or when one person sends it to another person by other electronic means that the other person has consented to in writing. But service is not effective if the person who filed with the court or the person who sent by other agreed-upon electronic means learns that the paper did not reach the person to be served. **The rule does not make the court responsible for notifying a person who filed the paper with the court's electronic-filing system that an attempted transmission by the court's system failed**. But a filer who learns that the transmission failed is responsible for making effective service.

2018 Commentary to Fed. R. Civ. P. 5 (emphasis added).

Federal Rule of Civil Procedure 77(d) provides:

(d) Serving Notice of an Order or Judgment.

(2) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

(2) Time to Appeal Not Affected by Lack of Notice. **Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed**, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed. R. Civ. P. 77(d) (emphasis added). In sum, filing an order on the ECF system constitutes valid service.

This court published policies with respect to ECF use, last updated in 2022. The ECF Policies, provide, in relevant part (emphasis added):

> 1.2: A Filing User is responsible for the maintenance of their account. . .

1.3: "Notice of Electronic Filing" (hereinafter referred to as "NEF") is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system, setting forth the time of filing, the name of the party and attorney filing the document, the type of document, the text of the docket entry, the name of the party and/or attorney receiving the notice, and an electronic link (hyperlink) to the filed document, which allows recipients to retrieve the document automatically.

. . .

1.7 "Technical Failure" is defined as a malfunction of court owned/leased hardware, software, and/or telecommunications facility which results in the inability of a Filing User to submit a filing electronically. Technical failure does not include malfunctioning of a Filing User's equipment.

2. This Court is a mandatory ECF court. All attorneys must be a registered Filing User.

3. Registration as a Filing User constitutes consent to electronic service of all documents as provided in this Court's Electronic Case Filing Policies and Procedures in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure.

. . .
When registering, an individual must certify that ECF training has been completed. . . . A Filing User shall protect the security of the User's PACER login and password.

. . .
Once registered, **a Filing User shall be responsible for maintaining his/her account** through PACER, including, but not limited to change of address, firm, phone number, e-mail notification address, etc.

4. Consequences of Electronic Filing.
Electronic transmission of a document to the Electronic Filing System in accordance with this Court's Electronic Case Filing Policies and Procedures, together with the transmission of a NEF from the court, **constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure**, the Federal Rules of Criminal Procedure and the Local Rules of this court, **and constitutes entry of the document on the docket** kept by the clerk under Fed.R.Civ.P. 58 and 79, and Fed.R.Crim.P. 49 and 55.

When a document has been filed electronically, the official record of that document is the electronic recording as stored by the court, and the filing party is bound by the document as filed. **A document filed electronically is deemed filed on the "filed on" date on the NEF from the court**.

> 5. Entry of Court Orders and Related Papers.
> A document entered or issued by the court will be filed in accordance with this Court's Electronic Case Filing Policies and Procedures and **such filing shall constitute entry on the docket** kept by the clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 55.
>
> 6. Notice of Court Orders and Judgments.
> Immediately upon the entry of an order or judgment in an action, a Notice of Electronic Filing will be transmitted to the Filing User. **Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Civ.P. 77(d)** and Fed.R.Crim.P.49(c).
> . . .
>
> 12.2.1 Filing User Upon the electronic filing of a pleading or other document, the court's ECF System will automatically generate and send a NEF to all Filing Users associated with that case. **Transmission of the NEF constitutes service of the filed document.**
> . . .
> **If the Filing User becomes aware that the NEF was not transmitted successfully** to a party, or that the notice is deficient, i.e. the electronic link to the document is defective, the filer shall serve the electronically filed document by e-mail, hand delivery, facsimile, or by first-class mail postage prepaid immediately upon notification of the deficiency of the NEF.

www.pawd.uscourts.gov/sites/pawd/files/FINAL_ECF_Policies_Procedures_Feb_2022.pdf

(emphasis added).

In this case, NEFs were generated and transmitted for each document filed on the docket for Burke's case, i.e., at Civ. No. 25-514. The NEFs reflect that each document was delivered to attorney Katz's email address of record, mkatz@lopezmchugh.com. The ECF system generates a "bounce back" message to an email address in the clerk's office if an NEF is not delivered. The clerk's office in this court verified that no "bounce back" messages were received involving attorney Katz's email address or Civ. No. 25-514. Many of the documents at issue were sent to numerous parties and the court is not aware of any failures of delivery.

On November 24, 2025, in response to the NEF about Philips' motion to dismiss (Burke's docket, ECF No. 13), an automatic email reply was sent from Michael Katz

mkatz@lopezmchugh.com to the clerk's office (ecf intake pawd

ecf_intake_pawd@pawd.uscourts.gov), stating:

> I am currently away but will check and respond to emails as soon as I can. If you have an emergency you can call my assistants Trent or Olivia. Thank you.

The automatic reply from Katz's email confirms that NEFs were successfully sent to his email address on record. If Katz had, in fact, checked his emails when he returned to the office (or had his assistants monitor his emails while he was away), he would have known about the motion to dismiss.

In sum, the record reflects that all the orders at issue were properly served on Katz. There is no evidence that the NEFs were not transmitted successfully to Katz.

As discussed above, the Federal Rules of Procedure and this court's ECF policies put the burden on the ECF user, i.e., Katz, to ensure that his email is properly working. Service via ECF constitutes valid service. All the documents at issue were properly served on Katz.

Even if the court accepted Katz's representations that he never received notice of the documents, it cannot find that he acted in a diligent manner. Taking his statements at face value, he knew the case was transferred to this court in April 2025, but he took no steps to monitor the docket for the next 8 months. If he had monitored the docket, Katz would have seen the motions and orders in July, October, and November 2025 which put Burke on clear notice that his case would be dismissed.

In *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315 (3d Cir. 2012), the court commented: "[A] reasonably competent attorney who did not personally receive or otherwise look at ECF Notices would have to set up some sort of additional method of keeping track of filings, especially those filings submitted under her own ECF account as well as critical filings like a notice of appeal." *Id.* at 329. The court, citing *Nara v. Frank*, 488 F.3d 187 (3d Cir.

2007), explained that the ECF filing system was a basis for rejecting a claim of excusable neglect. *Id*. (counsel's negligence "precludes us from finding 'excusable neglect' under Federal Rule of Civil Procedure 60(b)."). In *Ragguette,* the court held that a district court abused its discretion by extending the deadline to file an appeal where the reason for the delay was based on the attorney's failure to monitor the docket. *Accord Hall v. Community Mental Health Center,* 772 F.2d 42 (3d Cir.1985) (failure to monitor the docket is not excusable neglect under Rule 60(b)); *In re Glob. Indus. Techs., Inc*., 375 B.R. 155, 161 (Bankr. W.D. Pa. 2007) (unreliable mail delivery is "insufficient to establish excusable neglect."). In *Global Industrial,* the court noted that one thing counsel could have done to overcome his unreliable mail system was to monitor the docket. *Id*. The court affirmed: "It is counsel's responsibility to monitor the docket." *Id.* (citations omitted). In the context of an MDL, a court noted that it "cannot condone counsel's failure to monitor the Court's electronic docket," although it granted Rule 60(b) relief due to the individual plaintiff's dementia and blindness. *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2006 WL 3759648 at *1 (E.D. La. Dec. 18, 2006).

Applying the *Pioneer* factors, the court cannot find excusable neglect in this case:

- With respect to the first factor, the danger of prejudice to the other party, the court recognizes there is little danger of prejudice to Philips because other cases by Litigating Plaintiffs are still proceeding.

- With respect to the second factor, the length of the delay and its potential impact on judicial proceeding, the court notes the length of the delay in Burke's case lasted numerous months – the original deadlines for Burke to fully comply with the DMO expired on September 1 and October 1, 2025. There is no indication that Burke would promptly and fully comply with his DMO obligations if the

case was reopened. Any further delay would adversely impact the court's ability to manage efficiently and coordinate the remaining cases of Litigating Plaintiffs.

- With respect to the third factor, the reason for the delay—and whether it was within the movant's control, as discussed above, the reason for the delay in this case was within the movant's control. Katz apparently did not review the emails sent to him or have appropriate systems to receive NEF notices and did not take alternative steps to monitor the docket in this case for eight months.

- With respect to the fourth factor, whether the movant acted in good faith, the court will assume, without finding, that Katz acted in good faith, while noting the sheer implausibility of his factual assertions. The NEFs were transmitted to numerous people. No bounce back emails were received by the court. Katz admits he got the first one, in April 2025, and the last one, in January 2026. Katz claims he did not receive any of the NEFs in the intervening 8 months, even though they were sent to the same email address and, for one of the emails in question, the court received an automatic "out of office" reply from Katz's email address.

Burke argues that Philips (and perhaps the court) had a duty to confirm that Katz received the motions and orders at issue. That is incorrect. Federal Rule of Civil Procedure 5(b)(2)(E) provides that service is completed "by filing it with the court's electronic-filing system." The Rule provides that ECF service is not effective only "if the filer or sender learns that it did not reach the person to be served." *Id.* There was no indication in this case that the ECF Notices did not reach Katz. Katz provided no evidence that the court or Philips' counsel learned (prior to

11

February 10, 2026) that the NEFs did not reach Katz. *See* 2018 Commentary to Rule 5 ("The rule does not make the court responsible for notifying a person who filed the paper with the court's electronic-filing system that an attempted transmission by the court's system failed.").

Weighing the Pioneer factors, the factor that weighs the most here is the third factor and Katz's failure to monitor his emails and the docket. Considering all the factors, the court must conclude that Burke did not meet his burden under Rule 60(b)(1). No extraordinary circumstances were presented and Burke, likewise, did not meet his burden under Rule 60(b)(6). This case will not be reopened.

### IV.   Conclusion

For the reasons set forth above, Burke's motion to reopen the case (Burke's docket, ECF No. 17) will be denied.

An appropriate order will be entered.

Dated: March 6, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge